Carol G. Green Clerk, Kansas Supreme Court Kansas Judicial Center Topeka, Kansas 66612-1507
Dear Ms. Green:
You request our opinion concerning whether a person appointed to serve as a member of a district judicial nominating commission may serve simultaneously as a nonlawyer member of the supreme court nominating commission.
The supreme court nominating commission is an integral part of the process by which justices of the Kansas Supreme Court are selected and appointed. State ex rel., Stephan v. Adam, 243 Kan. 619, 621
(1988). It is composed of both lawyer and nonlawyer members from each of the congressional districts. Kan. Const., art. 3, sec.5(e). Article 3, sec. 5(g) provides that "no member of the supreme court nominating commission shall, while he is a member, hold any other public office by appointment."
The issue we address is whether a position on the district judicial nominating commission is a "public office by appointment." If so, then a person appointed to serve as a member of the district judicial nominating commission may not serve simultaneously as a member of the supreme court nominating commission.
The purpose of the district judicial nominating commission is to nominate persons for appointment to the office of judge of the district court in a judicial district. K.S.A. 20-2903. Like the supreme court nominating commission, it is comprised of lawyers and nonlawyers. K.S.A. 20-2903. The lawyer members are elected by lawyers who are electors of the judicial district and the nonlawyer members are appointed by the boards of county commissioners. K.S.A. 20-2905.
In Attorney General Opinion No. 87-65, Attorney General Robert T. Stephan concluded that the "public office" prohibition of article 3, sec. 5(g) refers to the common law concept of the public office discussed in Durflinger v. Artiles, 234 Kan. 502 (1983), wherein the Court concluded that the essential characteristics of a public office are (1) authority conferred by law, (2) fixed tenure of office, and (3) power to exercise some portion of the sovereign function of government.
 "It may be stated, as a general rule deducible from the cases discussing the question, that a position is a public office when it is created by law, with duties cast on the incumbent which involve an exercise of some portion of the sovereign power and in the performance of which the public is concerned, and which also are continuing in their nature and not occasional or intermittent. . . ." Durflinger at p. 502.
K.S.A. 20-2903 establishes each district judicial nominating commission and provides for the composition of its membership. Members serve for four year terms and take an oath of office as provided by law for other public officers. K.S.A. 1994 Supp.20-2906, K.S.A. 20-2907. The members exercise the public function of selecting three judicial candidates for consideration by the governor who then selects one to sit as a district court judge. K.S.A. 20-2909.
It is our opinion that a person appointed to serve as a member of a district judicial nominating commission holds a public office because it is a position created by law, with a fixed tenure and oath requirement, that carries with it the power to select judicial candidates for consideration by the governor. See also
Attorney General Opinion No. 75-276. Consequently, a person appointed to serve as a nonlawyer member of a district judicial nominating commission is precluded from also serving on the supreme court nominating commission.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm